

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00625-CR

Cesar Rafael **ZUNIGA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR7824
Honorable Mary D. Roman, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: October 17, 2018

DISMISSED

The clerk's record has been filed in this case. The clerk's record contains the trial court's Rule 25.2 certification, which does not show appellant has the right of appeal. *See* TEX. R. APP. P. 25.2. When the trial court clerk first forwarded appellant's notice of appeal and the trial court's Rule 25.2 certification, we issued an order notifying appellant that this appeal would be dismissed within 30 days of the order if two conditions were met: (1) a certification or amended certification showing appellant has the right of appeal has not been made part of the record; and (2) the trial court's certification is not defective. *See id.* R. 25.2(d) (requiring us to dismiss a criminal appeal

if a certification that shows the defendant has the right of appeal has not been made part of the record). Because no amended certification showing appellant has the right of appeal has been made part of the appellate record, the only issue is whether the trial court's certification is defective in the notification of the defendant's appellate rights. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals must determine whether the certification is defective).

The trial court's certification states this is a plea bargain case and the defendant has no right of appeal. *See* R. 25.2(a); *see also* TEX. CODE CRIM. PROC. ANN. art. 44.02. The clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant in the plea bargain agreement. *See* R. 25.2(a). The clerk's record also does not show the trial court granted appellant permission to appeal or contain any matters that were raised by written motion and ruled on before trial. *See id.* Appellant's counsel has not represented to this court that the trial court's certification is defective in the notification of the defendant's appellate rights. We conclude the trial court's certification is not defective in its notification of the defendant's appellate rights. Accordingly, we must dismiss this appeal. *See id.* R. 25.2(d).

PER CURIAM

DO NOT PUBLISH